2012 OK CIV APP 60

**In the Matter of I.F.A. and V.M.T., Deprived Children:**

**Ramona Two Crow, Appellant,**

v.

**State of Oklahoma, Appellee.**

**No. 109,844.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 18, 2012.

Sherry J. Neal, Oklahoma City, Oklahoma, for Appellant.

Valerie Baker, Assistant District Attorney, Oklahoma City, Oklahoma, for Appellee.

Amanda Leigh Alley, Office of the Public Defender, Oklahoma City, Oklahoma, for Minor Children.

ROBERT D. BELL, Presiding Judge.

¶1 Appellant, Ramona Two Crow (Mother), appeals the trial court's judgment terminating her parental rights to her two minor children, I.F.A. and V.M.T. Mother contends the trial court's judgment terminating her parental rights should be reversed because the trial court denied her a jury trial as she demanded. The parental rights of the natural father(s) of the children are not at issue in this appeal. Each of the children is an Indian child under the Oklahoma Indian Child Welfare Act, 10 O.S.2001 § 40 et seq., and the Federal Indian Child Welfare Act of 1978, 25 U.S.C.A. § 1901 *et seq.* (jointly referred to as ICWA). The Cheyenne Arapaho Nation was notified of and appeared at the proceeding and recommended the termination of Mother's parental rights. We reverse and remand.

¶2 State of Oklahoma (State) took I.F.A. into protective custody in January 2009. State filed its petition alleging I.F.A. was deprived and destitute due to Mother's substance abuse, domestic violence, homelessness, abandonment and neglect. Mother was served but failed to appear at the hearing, and the child was adjudicated deprived by default. In order to correct the conditions which led to the deprived child adjudication, the court ordered an Individualized Service Plan (ISP) for Mother on July 23, 2009. On November 24, 2009, State filed a petition to terminate Mother's parental rights pursuant to 10A O.S. Supp.2009 § 1–4–904(A) and (B)(5). The petition alleged Mother failed to correct the conditions which led to the deprived child adjudication and it was in the child's best interests to terminate Mother's parental rights.

¶3 V.M.T. was born on July 27, 2010. State filed an amended petition seeking to include V.M.T. as a deprived child pursuant to 10A O.S. Supp.2009 § 1–4–904(A) and (B)(14)(sibling of a deprived child). The mat-

ter was set for hearing on March 7, 2011. State represented that Mother appeared and through her attorney announced ready for trial. The trial court set the trial for March 9, 2011. The trial court minute reflects that Mother failed to appear on March 9, 2011, "despite personal warning from the [court]." State moved for a default adjudication terminating Mother's parental rights. The trial court terminated Mother's parental rights to both children. Mother appeals from the judgment terminating her parental rights.[1]

¶4 On appeal, Mother contends she was denied her right to a meaningful hearing and a jury trial when the trial court terminated her parental rights by default. State counters the trial court properly terminated Mother's parental rights because the default termination was clearly authorized by 10A O.S. Supp.2009 § 1–4–905(A)(5) and Mother presented no basis for her failure to appear at the merits trial.

¶5 Section § 1–4–905, details the method for serving the petition for termination of parental rights, and the notice of the time, place and date of the hearing upon the parent. Subsection 1–4–905(A)(5) treats a parent's failure to appear at the hearing as a consent to the termination, as follows:

> The failure of a parent who has been served with notice under this section to personally appear at the hearing shall constitute consent to the termination of parental rights by the parent given notice. When a parent who appears voluntarily or pursuant to notice is directed by the court to personally appear for a subsequent hearing on a specified date, time and location, the failure of that parent to personally appear, or to instruct his or her attorney to proceed in absentia at the trial, shall constitute consent by that parent to termination of his or her parental rights.

¶6 Section 1–4–905(B) sets forth the procedure and burden of proof required to vacate an order terminating parental rights based on statutory consent. However, Mother did not avail herself of this statutory

---

1. The journal entry of judgment terminating Mother's parental rights contains a scrivener's error. While all parties agree the merits trial occurred on March 9, 2011, the journal entry incorrectly recites that the merits trial occurred on March 8, 2011.

relief. Furthermore, Mother made no effort to show she was prevented by an unavoidable casualty or misfortune from either contacting her attorney or from attending the merits trial. Thus, it would appear Mother's parental rights were properly terminated based on statutory consent.

¶ 7 However, we are unable to discern from the record whether State complied with the due process requirements prescribed by Congress and the Oklahoma Legislature in an ICWA parental rights termination proceeding. In an ICWA termination case, State has the burden to prove, beyond a reasonable doubt, that "the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." 25 U.S.C.A. § 1912(f). State also has the burden to prove one or more of the statutory grounds for termination of parental rights at 10 O.S. Supp.2009 § 1–4–904 with clear and convincing evidence. *In re J.S.,* 2008 OK CIV APP 15, ¶ 4, 177 P.3d 590, 591. *See also In re S.B.C.,* 2002 OK 83, ¶ 6, 64 P.3d 1080, 1082–83. This heightened evidentiary standard is applicable even when parental rights are terminated pursuant to the statutory consent provisions of § 1–4–905. *In re A.T.,* 2011 OK CIV APP 81, 262 P.3d 386.

¶ 8 Although the trial court's journal entry of judgment recited various findings of fact and conclusions of law, neither the journal entry nor the sparse appellate record indicate that State demonstrated, with the requisite burden of proof, the federal and state statutory conditions for termination of Mother's parental rights in an ICWA proceeding. Instead, it appears Mother's parental rights

were terminated by consent based upon her failure to appear and present arguments. We hold the trial court's termination of Mother's parental rights without State's production of the requisite evidence is reversible error. *Id.*

¶ 9 Furthermore, the trial court's journal entry of judgment is flawed. In a termination of parental rights proceeding affecting Indian children, Rule 8.2 of the *Rules for District Courts of Oklahoma,* 12 O.S.2001, Ch. 2, App., requires the trial court's order to make the specific finding of compliance with 25 U.S.C.A. § 1901 *et. seq.* (Indian Child Welfare Act of 1978), 10 O.S. § 1601 et seq. (repealed), now 43 O.S.2001 § 551–101 et. seq. (Uniform Child Custody Jurisdiction and Enforcement Act)(UCCJEA), and specific findings as to children's full legal names and birth dates. Such findings are mandatory.

¶ 10 For these reasons, we conclude the trial court erred when it terminated Mother's parental rights by statutory consent. The trial court's order is reversed and this cause is remanded for a new trial.

¶ 11 REVERSED AND REMANDED.

MITCHELL and HETHERINGTON, JJ., concur.